```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
GARGI SHINDÉ,

                        Plaintiff,

       -against-

CHAMBER MUSIC AMERICA, INC., KEVIN KWAN LOUCKS, MARGERY HWANG a/k/a MIMI HWANG, LECOLION WASHINGTON, JENNIFER GRIM, and PETER A. WALKER,

                        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/28/2025
```

23 Civ. 2554 (AT) (OTW)

**ORDER ADOPTING REPORT & RECOMMENDATION**

ANALISA TORRES, District Judge:

    Plaintiff, Gargi Shindé, brings this action against Defendants, Chamber Music America, Inc. ("CMA"), Kevin Kwan Loucks, Margery Hwang a/k/a Mimi Hwang, Lecolion Washington, and Jennifer Grim (collectively, the "CMA Defendants"), in addition to Peter A. Walker, counsel to CMA, for discriminating and retaliating against her in the workplace. *See generally* Am. Compl., ECF No. 60. On February 25, 2025, the Honorable Ona T. Wang issued a report (the "R&R") recommending that the Court (1) grant Walker's motion to dismiss in its entirety and (2) grant in part and deny in part the CMA Defendants' motion to dismiss. *See generally* R&R, ECF No. 94. Shindé objects to several of the R&R's conclusions. Obj., ECF No. 96. For the reasons stated below, the Court adopts the R&R and makes one clarification.

## BACKGROUND[1]

    Beginning in 2016, Gargi Shindé served as the director of CMA's jazz grant program. Am. Compl. ¶ 57. In that capacity, Shindé worked with Susan Dadian, the director of CMA's

---

[1] The Court assumes familiarity with the underlying history of this action, which the R&R ably summarizes, *see* R&R at 2–10, and sets forth only those facts relevant to this order. On a motion to dismiss for failure to state a claim, the Court considers "the complaint, the answer, any written documents attached to them, and any matter of

contemporary and classical grant programs. *Id.* ¶¶ 62–63. Shindé alleges that, between 2017 and 2021, Dadian took racially discriminatory actions and made derogatory comments in connection with CMA's efforts to prioritize diversity, equity, and inclusion. *See id.* ¶¶ 68–70, 72–73. Shindé reported this behavior to CMA's then-chief executive officer ("CEO"), who confronted Dadian about her behavior. *Id.* ¶¶ 59, 74–76.

In mid-2021, CMA promoted Shindé to director of grant programs and demoted Dadian to the role of grants officer. *Id.* ¶¶ 78–79. Soon after, Defendant Kevin Kwan Loucks took over as CEO. *Id.* ¶ 80. Around the same time, Dadian allegedly began to treat Shindé—her new supervisor—in a hostile manner because of Shindé's race. *Id.* ¶¶ 81–85. Shindé reported this behavior to Loucks on several occasions, but he did not act to address the issue. *Id.* ¶¶ 89–100, 102–03. Consequently, Shindé emailed Defendant Mimi Hwang, Chair of CMA's board of directors, asserting that both Loucks and Dadian were fostering a hostile work environment. *Id.* ¶¶ 103–04. Hwang responded that Shindé should work out her differences with Loucks directly. *Id.* ¶ 105. Instead, Shindé emailed Defendants Lecolion Washington and Jennifer Grim, two CMA executive committee members, to express her concerns with Dadian and Loucks. *Id.* ¶ 106. Washington and Grim never responded. *Id.* ¶ 107.

Over the next few weeks, Shindé and Loucks continued to be at odds with each other. Although Loucks informed Shindé that CMA had retained an attorney to look into the issues she raised, Loucks also instructed Shindé that, should she go over his head to the CMA board, she would be viewed as "insubordinate." *See id.* ¶¶ 110–11, 115–20. Shindé reported this threat to Hwang and told Hwang that she would file a complaint with the U.S. Equal Employment

---

which the [C]ourt can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)).

Opportunity Commission. *Id.* ¶¶ 121–22. Hwang defended Loucks' actions, but affirmed that it was Shindé's right to take legal action. *Id.* ¶¶ 123–24.

In mid-March 2022, Hwang told Shindé that CMA's investigation of her allegations had concluded without a finding of wrongdoing. *See id.* ¶¶ 134–35. On April 1, Loucks informed Shindé that CMA had fired her due to her conduct. *Id.* ¶¶ 138–40. Four days later, Defendant Peter A. Walker wrote Shindé, accusing her of "making untrue and defamatory statements about CMA, its employees and Board Executive Committee" and demanding that she "cease and desist from this conduct." *Id.* ¶ 158.

Shindé, proceeding *pro se*, filed this action in Supreme Court, New York County, in December 2022. *See* ECF Nos. 1-1 to -7. Defendants removed the action to this Court, and after retaining counsel, Shindé filed an amended complaint. ECF Nos. 1, 45; Am. Compl. In her amended complaint, Shindé brings retaliation claims against the CMA Defendants under 42 U.S.C. § 1981 and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107(7). Am. Compl. ¶¶ 161–73, 195–201. She also brings claims against all Defendants for interfering with her protected rights and for aiding and abetting discriminatory practices in violation of the NYCHRL, N.Y.C. Admin. Code § 8-107(6) and (19). Am. Compl. ¶¶ 174–94. Defendants moved to dismiss, ECF Nos. 79, 81, and the Court referred the motions to Judge Wang, ECF No. 84, who recommended that dismissal be denied as to Shindé's retaliation claims against CMA, Loucks, and Hwang, and granted in all other respects, *see generally* R&R. Before the Court are Shindé's objections, Defendants' responses, and Shindé's reply.[2] Obj.; Walker Resp., ECF No. 97; CMA Resp., ECF No. 98; Reply, ECF No. 99-1.

---

2 The Court GRANTS Shindé's motion to file a reply to Defendants' responses. *See* ECF Nos. 99, 99-1.

3

**LEGAL STANDARD**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the Court reviews *de novo* the portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). When a party does not object or "makes only conclusory or general objections, or simply reiterates [its] original arguments," the Court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014). A finding is clearly erroneous if the Court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

**DISCUSSION**

*First*, Shindé argues that the R&R erred by concluding that Defendants are not liable for the cease-and-desist letter Walker sent Shindé after she was fired from CMA. Obj. at 2, 8–10.

As to Walker, Judge Wang explained that, under New York law, "an attorney cannot be held liable to third parties for injuries caused by services performed on behalf of a client . . . absent a showing of fraud, collusion, or a malicious or tortious act," and Shindé's complaint fails to make such a showing. R&R at 13 (quoting *Farrell v. Hellen*, No. 03 Civ. 4083, 2004 WL 433802, at *5 (S.D.N.Y. Mar. 10, 2004)). Shindé argues that the NYCHRL does not carve out an exception for attorneys acting on behalf of their clients. Obj. at 8–9. That is beside the point; New York common law provides a safe harbor for a lawyer's actions taken within "the scope of his honorable employment," and New York courts apply the safe harbor absent a specific statutory indication to the contrary. *Newburger, Loeb & Co. v. Gross*, 563 F.2d 1057, 1080 (2d

Cir. 1977) (citation omitted). Here, the cease-and-desist letter clearly fell within the scope of Walker's work for CMA; Shindé does not suggest otherwise in her objections.

  Moreover, the Court agrees with Judge Wang that the cease-and-desist letter does not evince an intent to coerce Shindé or interfere with the exercise of her protected rights. R&R at 25. The letter, which Defendants sent Shindé after she was already fired from CMA, specifically recognizes that she "commenced an action with the City Commission on Human Rights and the Equal Employment Opportunity Commission," that these entities "are appropriate venues for [Shindé's] claims," and that "nothing contained in [this cease-and-desist] letter is intended to interfere with [Shindé's] continuing to pursue [her] claims." R&R at 9–10. Perhaps tellingly, Shindé does not include this language in her amended complaint. Read in full, the letter "can hardly be said to evince an intent to coerce or intimidate [Shindé] into ceasing her opposition to practices she believed violated the law." *Id.* at 25. The Court, therefore, shall dismiss Shindé's § 8-107(19) claims.

  *Second*, Shindé objects to the R&R's recommendation that the Court dismiss her retaliation and aiding-and-abetting claims against Grim and Washington, the two CMA executive committee members whom she claims "actively concealed" her complaints of discrimination from CMA's board of directors, thereby assisting in "Hwang and Loucks' retaliatory termination scheme." Obj. at 2–3, 13–16. In particular, Shindé faults Judge Wang for "disregard[ing] critical evidence" tying Grim and Washington to the alleged scheme, namely, a statement from four CMA board members expressing dissatisfaction with the circumstances surrounding Shindé's termination. *Id.* at 14; *see also* Am. Compl. ¶ 159 (reproducing the statement). The Court agrees with Judge Wang that this statement, in which certain CMA board members describe a "general lack of transparency" in CMA's decisionmaking process, does not

5

sufficiently allege any personal wrongdoing on the part of Grim or Washington.  Am. Compl. ¶ 159; *see Schanfield v. Sojitz Corp. of Am.*, 663 F. Supp. 2d 305, 344 (S.D.N.Y. 2009) (explaining that a defendant must "actually participate[] in the conduct giving rise to a discrimination claim" to be held liable as an aider and abettor (citation omitted)).  The Court, therefore, shall dismiss these Defendants from the action.[3]

*Third*, Shindé argues that the R&R incorrectly concluded that she was not engaged in protected activity when she told Loucks about Dadian's allegedly discriminatory treatment toward her.  Obj. at 3, 17–18; *see* R&R at 16–17, 21.  The Court agrees in part.

To state a claim for retaliation under § 1981, a plaintiff must allege that she was engaged in a protected activity, in other words, that she "oppos[ed] . . . an employment practice" and possessed "a good faith, reasonable belief that the underlying challenged actions of the employer violated the anti-discrimination laws."  *Trotter v. Nat'l Football League*, 737 F. Supp. 3d 172, 182 (S.D.N.Y. 2024) (alterations adopted) (quoting *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013)).  Here, Shindé could not have reasonably believed that Dadian's behavior violated federal anti-discrimination laws because those laws apply to the "practice[s] of an employer, not an act of discrimination by a private individual."  *Small v. N.Y.C. Dep't of Educ.*, 650 F. Supp. 3d 89, 103 (S.D.N.Y. 2023) (citation

---

[3] In her objections, Shindé also takes issue with Judge Wang's determination that she waived her aiding-and-abetting claim by failing to respond to Defendants' argument that her aiding-and-abetting claim is duplicative of her retaliation claims. Obj. at 14–16; *see* R&R at 23; ECF No. 80 at 12.  The Court agrees with Judge Wang that the claim is likely waived.  Regardless, Shindé's aiding-and-abetting claim against Loucks and Hwang *is* duplicative of her retaliation claim against those Defendants.  *See Singhal v. Doughnut Plant, Inc.*, No. 20 Civ. 3295, 2022 WL 976885, at *5 (S.D.N.Y. Mar. 31, 2022).  Therefore, it shall be dismissed.

omitted). Accordingly, Shindé's complaints to Loucks regarding Dadian's behavior do not plausibly constitute protected activity for purposes of § 1981.[4]

The Court's inquiry does not end there, however, because Shindé also brings retaliation claims under the NYCHRL. Although courts analyze claims brought under the NYCHRL using the same general framework as claims brought under § 1981, NYCHRL claims "must be reviewed independently from and more liberally than their federal counterparts." *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009) (citation omitted). Unlike § 1981, the NYCHRL "extends liability to employees, not just employers." *Nezaj v. PS450 Bar & Rest.*, 719 F. Supp. 3d 318, 330 (S.D.N.Y. 2024); *see* N.Y.C. Admin. Code § 8-107(1) ("It shall be an unlawful discriminatory practice . . . [f]or an employer or an *employee* . . . because of the actual or perceived . . . race, creed, [or] color . . . of any person . . . to discriminate against such person in compensation or in terms, conditions or privileges of employment." (emphasis added)). Shindé plausibly alleges that Dadian's behavior was so severe and pervasive that it constituted unlawful workplace discrimination on the basis of race, *see* Am. Compl. ¶¶ 81–85, 93, 97, 102, and, accordingly, that her complaints to Loucks qualified as protected activity under the NYCHRL. Thus, although the Court agrees with the R&R's ultimate conclusion that Shindé's § 1981 and NYCHRL retaliation claims against Loucks and Hwang should not be dismissed, the Court clarifies the manner in which Shindé engaged in protected activity under the NYCHRL.

The Court has reviewed the remainder of Judge Wang's well-reasoned R&R for clear error and finds none.

---

[4] The Court does not disturb the R&R's unchallenged determination that Shindé's alleged complaint to Hwang about Loucks' failure to respond to her concerns constitutes protected activity under § 1981 and the NYCHRL. *See* R&R at 16–17.

7

## CONCLUSION

For the foregoing reasons, Shindé's objections are OVERRULED in part and SUSTAINED in part. The Court ADOPTS the R&R and CLARIFIES it to the extent described in this order. Walker's motion to dismiss is GRANTED. The CMA Defendants' motion to dismiss is GRANTED as to (1) Shindé's claims against Grim and Washington and (2) Shindé's claims under N.Y.C. Admin. Code § 8-107(6) and (19), and the motion is DENIED in all other respects.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 79, 81, and 99.

SO ORDERED.

Dated: March 28, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge