UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARGI SHINDÉ,

                           Plaintiff,

              -against-

CHAMBER MUSIC AMERICA, INC., KEVIN
KWAN LOUCKS, and MARGERY HWANG
*a/k/a* MIMI HWANG, LECOLION
WASHINGTON, JENNIFER GRIM, and PETER
A. WALKER,

                           Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/13/2026__

23 Civ. 2554 (AT)

**<u>ORDER</u>**

ANALISA TORRES, District Judge:

   Before the Court is Plaintiff's motion for reconsideration of the Court's order adopting the Honorable Ona T. Wang's report and recommendation (the "R&R"), which granted in part and denied in part Defendants' motions to dismiss. *See* Mot., ECF No. 111; Mem., ECF No. 111-1; CMA Opp., ECF No. 114; Walker Opp., ECF No. 115; Reply, ECF No. 116; *see also* Order, ECF No. 100; R&R, ECF No. 94.

   Plaintiff's motion was submitted three months after the Court's order adopting Judge Wang's R&R. Local Civil Rule 6.3 requires motions for reconsideration of a court's order to be filed within fourteen days after entry of the challenged order. Although, as Plaintiff observes, the Court has discretion to "overlook a party's failure to comply with local court rules," *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024), Plaintiff does not explain why the Court should excuse such a lengthy delay, *see* Mem. at 6, and the Court finds that it would be unduly prejudicial to reinstate claims against the three Defendants who have already been dismissed from this action, *see* Defs. Ltr., ECF No. 113; CMA Opp. at 1–2. Accordingly, the majority of Plaintiff's motion for reconsideration is DENIED as untimely.

   Nevertheless, the Court GRANTS Plaintiff's motion for reconsideration solely as it pertains to her 42 U.S.C. § 1981 claim against Defendants Chamber Music America, Inc., and Kevin Kwan Loucks. Because Plaintiff is correct that § 1981 may apply to the practices of individuals other than employers, *see Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000); *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004); *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 151 n.6 (2d Cir. 2014); *Knox v. CRC Mgmt. Co., LLC*, 134 F.4th 39, 51 (2d Cir. 2025), the Court finds that Plaintiff's complaints to Loucks about Susan Dadian's allegedly racially discriminatory behavior, *see* Am. Compl., ECF No. 60, ¶¶ 81–85, 93, 97, 102, plausibly qualify as protected activity on which Plaintiff may base her § 1981 retaliation claim, *id.* ¶¶ 195–201. Any prejudice to the remaining Defendants from this modification of the Court's order is minimal, as the Court has already allowed a retaliation claim based on the same set of underlying facts to proceed against the same Defendants under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(7). *See* Order at 7.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 111.

SO ORDERED.

Dated: February 13, 2026
New York, New York

ANALISA TORRES
United States District Judge